JENNIFER A. YOUNGS (N.C. Bar 23925)
Division of Enforcement
Securities and Exchange Commission
100 F Street NE, Mail Stop 5631
Washington, D.C. 20549-5631
Telephone: (202) 551-6139
Email: YoungsJ@sec.gov

Attorneys for Petitioner
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>MARCOS TAMAYO,<br><br>Defendant/Respondent. | Case No.: 2:24CV1762<br><br>**MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER COMPELLING DEFENDANT/RESPONDENT TO SHOW CAUSE WHY A JUDGMENT SHOULD NOT BE ENTERED AGAINST HIM PURSUANT TO SECTION 21(e) OF THE SECURITIES EXCHANGE ACT OF 1934** |

## **INTRODUCTION**

The Securities and Exchange Commission ("Commission" or "SEC"), respectfully submits this Memorandum in support of its Application for an Order Compelling Defendant/Respondent Marcos Tamayo ("Tamayo") to Show Cause Why a Judgment Should Not be Entered Against Him Pursuant to Section 21(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e)(1) ("Section 21(e)").  Filed herewith and in support hereof is the Declaration of Jennifer A. Youngs ("Decl.").

On September 20, 2019, the Commission and Tamayo settled the instant matter by agreement and the Commission issued its Order, which found that Tamayo violated Sections 203(a), 204, 206(1)(2) and (4), 207, and Rule 206(4)-1(a)(5) of the Advisers Act (15 U.S.C. § 80b-6), and among other things, ordered Tamayo to pay disgorgement plus prejudgment interest and a civil penalty, and provided for injunctive relief.

In this summary proceeding, the Commission seeks the entry of a judgment for monetary remedies and injunctive relief as stated in the Commission's September 20, 2019, Order. Accordingly, for the reasons discussed below, the Commission's Application should be granted, and the Court should order the Respondent to show cause why a judgment should not be entered against him pursuant to Section 21(e).

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to Sections 21(e) and 27 of the Exchange Act [15 U.S.C. §78u(e) and §78aa]. Upon information and belief, Tamayo currently resides in Las Vegas, Nevada.[1] Venue in this district is therefore appropriate under 28 U.S.C. § 1391(b).

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

On September 20, 2019, the Commission issued its Order Instituting Administrative and Cease-and-Desist Proceedings and Notice of Hearing, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order ("Order" or "OIP") against Tamayo, which was entered with Tamayo's consent.[2]

The OIP found that Tamayo violated Sections 203(a), 204, 206(1)(2) and (4), 207, and Rule 206(4)-1(a)(5) of the Advisers Act (15 U.S.C. § 80b-6). The OIP ordered Tamayo to cease and desist from further violations of the Advisers Act and suspended him from certain actions in the securities industry.[3] The OIP also ordered

---

[1] Declaration of Jennifer A. Youngs ("Youngs Decl.") at Par. 9
[2] Youngs Decl. at Par. 3, Exh. 1.
[3] Youngs Decl. at Par. 4, Exh. 1.

1

him to disgorge $144,485, plus prejudgment interest of $9,803, and to pay a civil penalty of $50,000 to the Commission.[4]  Such amounts were due within 30 days of the entry of the OIP.  Tamayo has not, however, made any payments towards his debt.[5]  In accordance with the OIP, Tamayo's debt became delinquent on October 20, 2019.[6]

On March 4, 2020, the Commission issued and served upon Tamayo a demand for payment and notice of intent to offset ("TOP Letter").[7]  Tamayo has not responded to the letter, nor has he made any attempt to communicate with the Commission about his intent to pay the Ordered amounts.[8]

## ARGUMENT

Section 21 (e) of the Exchange Act allows the Commission to bring an action in federal district court to seek compliance with Commission orders. Specifically, the Exchange Act provides as follows: "Upon application of the Commission the district courts of the United States . . . shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding . . . any person to comply with the provisions of this title, the rules, regulations, and orders thereunder . . .." 15 U.S.C. §78u(e).

Circuit courts throughout the country have consistently held that Section 21(e) of the Exchange Act vests district courts with the jurisdiction to enforce compliance with Commission orders. *Lang v. French*, 154 F.3d 217, 222 (5th Cir. 1998)("[W]e reiterate that the Exchange Act . . . explicitly provides for district court jurisdiction over actions brought to enforce SEC-ordered sanctions."); *see also SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003); *SEC v. J.W. Barclay &Co., Inc.*, 442 F.3d 834, 844 (3d Cir. 2006); *Fiero v. Financial Industry Regulatory Authority, Inc.*,

---

[4] Youngs Decl. at Par. 5, Exh. 1.
[5] Youngs Decl. at Par. 5.
[6] Youngs Decl. at Par. 6
[7] Youngs Decl. at Par. 7, Exh. 2.
[8] Youngs Decl. at Par. 8.

660 F.3d 569, 575 (2d Cir. 2011); *SEC v. Mohn*, 465 F.3d 647, 651 (6th Cir. 2006); *SEC v. Vittor*, 323 F.3d 930, 934-935 (11th Cir. 2003).

Section 21(e) "authorizes the use of summary proceedings to enforce Commission orders in district court." *McCarthy,* 322 F.3d at 659 (9th Cir. 2003). "Summary proceedings may be conducted without formal pleadings, on short notice, without summons and complaints, [and] generally on affidavits." *Id.* at 655 (quoting *New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 406 (1960).) Thus, the SEC may appropriately proceed here by filing this Application for an Order to Show Cause without first having filed a summons and complaint. *See also*, *Lang v. French*, 154 F.3d at 223 (stating that "the SEC could apply, pursuant to Section 21(e)(1) of the Exchange Act, for an order of the district court commanding payment of the restitution previously ordered by the SEC").

In this summary proceeding, Tamayo will be afforded an opportunity to be heard on the issue of whether, and to what extent, he has paid or failed to pay the amount due as set forth in the Commission's Order. *See McCarthy*, 322 F.3d at 659-660 (Section 21(e) "authorizes the use of summary proceedings to enforce SEC orders in district court" and affords the respondent an opportunity to be heard on the issues raised in the application). The Proposed Order to Show Cause provides Tamayo with an opportunity to appear before this Court and be heard, satisfying all due process requirements.

# CONCLUSION

For the reasons discussed above, the SEC respectfully requests that the Court grant its Application and issue an Order requiring Tamayo to show cause why a judgment should not be entered against him pursuant to Section 21(e) to disgorge $144,485 plus prejudgment interest of $9,803 (totaling $154,288), pay civil penalties in the amount of $50,000, plus applicable accrued interest, for injunctive relief as set forth in the Order, and for such other and further relief as may be necessary and appropriate to achieve compliance with the Order.

Dated: September 19, 2024   Respectfully submitted,

/s/ Jennifer A. Youngs
Jennifer A. Youngs
Attorney for Petitioner
Securities and Exchange Commission

# CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I caused a true and correct copy of Plaintiff Securities and Exchange Commission's **Memorandum in Support** through the Court's Electronic Court Filing System (CM/ECF System), which will automatically send an email notification of such filing to the parties of record, and via the indicated method to the following:

Marcos Tamayo
[redacted]
Las Vegas, NV 89119
Via UPS Overnight

*/s/ Jennifer A. Youngs*
Jennifer A. Youngs
Attorney for Petitioner
Securities and Exchange Commission