UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Securities and Exchange Commission,<br><br>　　　　　Plaintiff/Petitioner,<br><br>　　v.<br><br>Marcos Tamayo,<br><br>　　　　　Defendant/Respondent. | Case No. 2:24-cv-01762-JCM-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

　　　This is an action by the Securities and Exchange Commission ("SEC") seeking the entry of a judgment for monetary remedies and injunctive relief under Section 21(e) of the Securities and Exchange Act of 1934. The Court ordered Marcos Tamayo to show cause why the Court should not recommend the entry of judgment that the SEC seeks. Despite multiple opportunities, Tamayo has not responded to the order to show cause, so the Court recommends entering the judgment the SEC seeks. As a final precaution, the Court will order the SEC to personally serve this order and report and recommendation on Tamayo.

　　**I.**　　**Legal standard.**

　　　Congress enacted the Securities Exchange Act of 1934 (the "Exchange Act") to "achieve a high standard of business ethics in the securities industry." *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 151 (1972). Upon application by the Securities and Exchange Commission, Section 21(e)(1) of the Exchange Act authorizes a district court to issue writs of mandamus, injunctions, and orders commanding any person to comply with the Exchange Act and orders issued thereunder. 15 U.S.C. § 78u(e); *S.E.C. v. McCarthy*, 322 F.3d 650, 654 (9th Cir. 2003). Section 21(e) states in pertinent part that "the district courts of the United States…shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding…any person to comply with the provisions of this title, the rules, regulations, and orders thereunder…" 15 U.S.C. § 78u(e). The Ninth Circuit has found that the Exchange Act explicitly provides for

district court jurisdiction over actions brought to enforce SEC-ordered sanctions. *McCarthy*, 322 F.3d at 655. The Ninth Circuit has also held that Section 21(e) of the Exchange Act authorizes the use of summary proceedings to enforce Commission orders in district court. *Id.* at 659. Summary proceedings are different than cases brought in the normal course and governed by the Federal Rules of Civil Procedure. *Id.* at 655. Summary proceedings may be "conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*." *Id.* (citing *New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 406-07 (1960)).

## II.     Discussion.

In its opening brief, the SEC represents that on September 20, 2019, it and Tamayo settled the instant matter by agreement and the SEC issued an order finding Tamayo had violated Sections 203(a), 204, 206(1)(2) and (4), 207, and Rule 206(4)-1(a)(5) of the Advisers Act (15 U.S.C. § 80b-6). (ECF No. 2 at 2). The September 20, 2019, order required Tamayo to cease and desist from further violations of the Advisers Act and suspended him from certain actions in the securities industry. (*Id.*). The order also required him to disgorge $144,485, plus prejudgment interest of $9,803, and to pay a civil penalty of $50,000 to the SEC. (*Id.* at 2-3). Tamayo failed to timely pay these amounts and his debt became delinquent on October 20, 2019. (*Id.*). On March 4, 2020, the SEC issued and served upon Tamayo a demand for payment and notice of intent to offset. (*Id.*). Tamayo did not respond to the letter and the SEC represents that Tamayo has not made any attempt to communicate with the SEC about his intent to pay the ordered amounts. (*Id.*).

The SEC filed this action on September 19, 2024. (ECF No. 1). In doing so, it requested that the Court "issue an Order requiring Tamayo to show cause why a judgment should not be entered against him pursuant to Section 21(e) to disgorge $144,485 plus prejudgment interest of $9,803 (totaling $154,288), pay civil penalties in the amount of $50,000, plus applicable accrued interest, for injunctive relief as set forth in the [September 20, 2019] Order, and for such other and further relief as may be necessary and appropriate to achieve compliance with the [September 20, 2019] Order." (ECF No. 2 at 5). The Court entered a show cause order on December 4,

2024, requiring Tamayo to file and serve opposing papers by February 3, 2025, and setting a hearing for March 4, 2025. (ECF No. 6). The Court later rescheduled the hearing for March 11, 2025. (ECF No. 8).

Tamayo failed to file and serve opposing papers by February 3, 2025. He also failed to appear at the March 11, 2025 hearing. (ECF No. 14). So, the Court issues this recommendation to the Honorable District Judge James C. Mahan to enter the SEC's proposed final judgment. (ECF No. 11).

**ORDER**

**IT IS THEREFORE ORDERED** that the SEC must personally serve this order and report and recommendation and its proposed final judgment (ECF No. 11) on Marcos Tamayo.

**RECOMMENDATION**

**IT IS RECOMMENDED** that the assigned district judge enter the SEC's proposed final judgment (ECF No. 11).

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 13, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE